

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Stephen Paul Preziosi,

Plaintiff - Appellant

v.

Louisiana Department of ChildrenandFamilyServices; Terri P. Ricks; Gary E.Franklin; Christian Merrit; Bridget Depland Grant,

Defendants - Appellees

**On Appeal from**
United States District Court for the Western District of Louisiana
5:23-CV-1097

**BRIEF OF APPELLANT STEPHEN PREZIOSI**

SUBMITTED BY:_____
StephenPaulPreziosi
Pro Se
6201 W. Bert Kouns Industrial Loop 840
Shreveport, LA 71129

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of *5th Cir Rule 28.2.1* have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| CERTIFICATE OF INTERESTED PERSONS<br><br>The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may | |

| | |
|---|---|
| evaluate possible disqualification or recusal. | |
| Appellees: | |
| Counsel for Appellees: | |
| Gary Franklin | |
| Timothy Wynn of Office of the Attorney General Shreveport, LA | |
| Gary Franklin | |
| Elizabeth Grozinger of Office of the Attorney General Shreveport, LA | |
| Bridget Grant | |
| Timothy Wynn of Office of the Attorney General Shreveport, LA | |
| Bridget Grant | |
| Elizabeth Grozinger of Office of the Attorney General Shreveport, LA | |

| | |
|---|---|
| Louisiana Department of Children and Family Services | |
| Timothy Wynn of Office of the Attorney General Shreveport, LA | |
| Louisiana Department of Children and Family Services | |
| Elizabeth Grozinger of Office of the Attorney General Shreveport, LA | |
| Christian Merritt | |
| Timothy Wynn of Office of the Attorney General Shreveport, LA | |
| Christian Merritt | |
| Elizabeth Grozinger of Office of the Attorney General Shreveport, LA | |
| Terri Ricks | |

Timothy Wynn of Office of the
Attorney General Shreveport, LA

Terri Ricks

Elizabeth Grozinger of Office of the
Attorney General Shreveport, LA

Appellants:

Pro Se Appellants:

Stephen Preziosi

Stephen Preziosi Shreveport, LA

Other Interested Parties:

Counsel for Interested Parties:

CERTIFICATE OF INTERESTED
PERSONS

The undersigned counsel of record
certifies that the following listed
persons and entities as described in the

fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellant: Stephen Paul Preziosi
Pro Se

Appellees:

Louisiana Department of Children and Family Services

Terri P. Ricks – Secretary, DCFS

Bridget Depland-Grant – Custodian of Records, DCFS

Christian Merritt – Caseworker, DCFS

Gary Franklin – Attorney for DCFS

| | |
|---|---|
| Liz Murrill – Louisiana Attorney General | |
| Elizabeth Grozinger – Assistant Attorney General | |
| Ree Casey-Jones – Caddo Parish Juvenile Court Judge | |
| Jerry Edwards, Jr. – Presiding U.S. District Judge | |
| Mark L. Hornsby – U.S. Magistrate Judge | |
| Scott Crichton – Louisiana Supreme Court Justice | |
| Amy Michelle Perkins – Former Hearing Officer | |
| Brian Joffrion – Caddo Parish Assistant District Attorney | |

| | |
|---|---|
| Jennifer Woodland – Caddo Parish Assistant District Attorney | |
| Caddo Parish Sheriff's Office Records Custodian (Supervisor – Name Unknown) | |
| Caddo Parish Juvenile Court Clerk of Records (Multiple Names Involved) | |
| Stephen Paul Prezioisi Pro Se | |
| Shreveport Louisiana | |
| Timothy R Wynn Office of the Attorney General Shreveport Louisiana | |
| Elizabeth Grozinger office of Attorney General Shreveport Louisiana | |
| Timothy R Wynn office of Attorney General Shreveport Louisiana | |
| Elizabeth Grozinger office of Attorney General Shreveport Louisiana | |

| | |
|---|---|
| Timothy R Wynn office of Attorney General Shreveport Louisiana<br><br>Elizabeth Grozinger office of Attorney General Shreveport Louisiana<br><br><br>S/Stephen Paul Preziosi Pro Se | |
| Gary Franklin | Timothy Wynn of Office of the Attorney General Shreveport, LA |
| Gary Franklin | Elizabeth Grozinger of Office of the Attorney General Shreveport, LA |
| Bridget Grant | Timothy Wynn of Office of the Attorney General Shreveport, LA |
| Bridget Grant | Elizabeth Grozinger of Office of the Attorney General Shreveport, LA |

| | |
|---|---|
| Louisiana Department of Children and Family Services | Timothy Wynn of Office of the Attorney General Shreveport, LA |
| Louisiana Department of Children and Family Services | Elizabeth Grozinger of Office of the Attorney General Shreveport, LA |
| Christian Merritt | Timothy Wynn of Office of the Attorney General Shreveport, LA |
| Christian Merritt | Elizabeth Grozinger of Office of the Attorney General Shreveport, LA |
| Terri Ricks | Timothy Wynn of Office of the Attorney General Shreveport, LA |
| Terri Ricks | Elizabeth Grozinger of Office of the Attorney General Shreveport, LA |

| Appellants: | Pro Se Appellants: |
|---|---|
| | |
| Stephen Preziosi | Stephen Preziosi Shreveport, LA |

**S/Stephen Paul Preziosi**

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant respectfully requests oral arguments in this matter. Due to the complexity and significance of the constitutional issues, including violations of the obstruction of discovery, and misconduct by multiple government officials,, Appellant believes oral argument will assist the court in fully evaluating the depth and scope of the constitutional and statutory violations presented.

Oral argument will clarify the record and highlight the magnitude of misconduct, systemic abuse, and judicial irregularities that warrant relief.

Respectfully submitted_____

Stephen Paul Preziosi

Pro Se

6201 W Bert Kouns industrial Loop 840

Shreveport Louisiana 71129

stephenpreziosi0@gmail.com

March 24, 2025

# TABLE OF CONTENTS

Contents

**Page(s)**

**CERTIFICATE OF INTERESTED PERSONS**     2

**STATEMENT REGARDING ORAL ARGUMENT**  5

**TABLE OF CONTENTS**  6

**TABLE OF AUTHORITIES**     8

**STATEMENT OF THE ISSUES**       13

**STATEMENT OF THE CASE**   14

**SUMMARY OF THE ARGUMENT**     16

**ARGUMENT**       17

**ARGUMENT I** – THE UNLAWFUL TERMINATION OF PARENTAL RIGHTS WITHOUT DUE PROCESS IS A CONSTITUTIONAL VIOLATION WARRANTING REVERSAL 17

**ARGUMENT II –** DEFENDANTS ARE IN DEFAULT FOR FAILURE TO RESPOND, FAILURE TO PRODUCE DOCUMENTS, AND FAILURE TO DEFEND THEIR ACTIONS   19

**ARGUMENT III —** SYSTEMIC JUDICIAL MISCONDUCT AND BIASED PROCEEDINGS REQUIRE FULL DISQUALIFICATION AND RECUSAL   22

**Judicial Violations – Code of Conduct for United States Judges:**   23

***Canon 1:*** *Integrity and Independence of the Judiciary*   23

***Canon 2:*** *Avoidance of Impropriety and Appearance of Impropriety*   23

***Canon 3(C)(1):*** *Mandatory Recusal*   23

**Attorney Violations – ABA Model Rules of Professional Conduct:**   24

***Rule 1.7: Conflict of Interest*** *– Current Client*   24

***Rule 3.3: Candor Toward the Tribunal*** 24

***Rule 8.4:*** *Attorney Misconduct*   24

*VII. THE LENGTH, SCALE, AND SCOPE OF THIS CONSPIRACY CANNOT BE IGNORED*   28

*VIII. CONTINUED ENFORCEMENT DURING LITIGATION AND RETALIATORY TACTICS PROVE BAD FAITH*   28

*IX. THE COURT MUST GRANT DEFAULT, ISSUE RELIEF, AND DISQUALIFY INVOLVED PARTIES*   29

**TABLE OF AUTHORITIES**

Cases………………………………………………………………Pages(s)

**Cases:**

***Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984)*** "The loss of a child's companionship can constitute a deprivation of liberty under the Fourteenth Amendment."

***Carson v. Elrod, 411 F. Supp. 645 (N.D. Ill. 1976)*** The interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by the Supreme Court."

***Davis v. Broughton, 248 F. Supp. 2d 1276 (M.D. Ala. 2003)*** "The relationship between parent and child is a liberty interest protected by the Constitution. Any arbitrary or capricious interference by the state or its agents with that right gives rise to an actionable constitutional violation under *42 U.S.C. § 1983."*

***Griswold v. Connecticut, 381 U.S. 479 (1965)*** "The right of privacy… is a fundamental right."

***Gross v. State of Illinois, 312 F.2d 257 (7th Cir. 1963)*** The state may not, under the guise of its interest in the welfare of a child, trample the constitutional rights of

a parent. Such interference must be narrowly tailored and strictly justified under compelling interest standards."

***Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985)*** "A parent has a constitutionally protected right to the companionship of his or her child."

***Marbury v. Madison, 5 U.S. 137 (1803)*** "It is emphatically the province and duty of the judicial department to say what the law is."

***Matter of Gentry, 369 S.E.2d 162 (N.C. Ct. App. 1988)*** improper governmental interference in custody and visitation matters in violation of parental due process rights.

***Owens v. Zucker, 2017 WL 1243144 (S.D.N.Y. Apr. 3, 2017)*** "The actions of state officials to conceal records, obstruct discovery, and interfere with fundamental parental rights constitute actionable tortious interference and systemic abuse, in violation of constitutional protections."

***Quillen v. Walcott, 411 F. Supp. 509 (D. Del. 1976)*** "A parent has a constitutionally protected right to the companionship of his or her child."

***Strode v. Gleeson, 2019 WL 1506996 (D. Mont. April 5, 2019)***

"Government officials who interfere with a parent's relationship with a child absent compelling justification violate constitutional rights."

***United States v. Lee, 106 U.S. 196 (1882)*** "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are bound to obey it."

***Butz v. Economou, 438 U.S. 478 (1978)*** "In a constitutional government, officials may not act with impunity… Federal officials are not above the law."

**Statutes & Rules:**

***U.S. Const. amend. I*** Congress shall make no law... abridging the freedom of speech... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

***U.S. Const. amend. IV*** "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures..."

***U.S. Const. amend. V*** "No person shall be deprived of life, liberty, or property, without due process of law..."

***U.S. Const. amend. IX*** "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

***U.S. Const. amend. XIV*** "No State shall... deprive any person of life, liberty, or

property, without due process of law; nor deny to any person... the equal protection of the laws."

*42 U.S.C. § 1983* : "Every person who, under color of any statute... subjects, or causes to be subjected, any citizen... to the deprivation of any rights... shall be liable to the party injured..."

*42 U.S.C. § 1985* "If two or more persons... conspire... for the purpose of depriving... equal protection of the laws... the injured party may recover damages."

*28 U.S.C. § 455* **–** Disqualification of Judges

A federal judge must recuse in any case involving prior associations with named parties, such as a justice listed in the record. This law is mandatory, not optional. Failure to adhere to § 455 undermines the legitimacy of the court's proceedings.

**18 U.S.C. § 1001 –** False Statements

False or misleading statements made by counsel, agency officials, or court officers—including **FOIA** denials and false certification of authority—constitute criminal conduct under federal law.

This pattern of judicial and attorney misconduct is not a matter of perception—it is documented, provable, and criminally sanctionable. The implications for systemic corruption and conflict of interest are staggering and must be addressed directly.

***Federal Rules of Appellate Procedure 28*** – Requirements for the contents of briefs

***Federal Rules of Appellate Procedure 32*** – Form and formatting of briefs

***5th Cir. R. 28.1 & 28.2*** – Additional requirements for appellant's briefs in the Fifth Circuit

**Statutes:**

***28 U.S.C. § 455*** – Disqualification of Judges

***42 U.S.C. § 1983*** – Civil Action for Deprivation of Rights

***18 U.S.C. § 1001*** – False Statements

**Judicial Canons:**

*Code of Conduct for United States Judges, Canon 1*

*Code of Conduct for United States Judges, Canon 2*

*Code of Conduct for United States Judges, Canon 3(C)(1)*

**ABA Model Rules of Professional Conduct:**

**Rule 1.7 –** Conflict of Interest

**Rule 3.3** – Candor Toward the Tribunal

**Rule 8.4** – Misconduct

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under *28 U.S.C. § 1291* as this appeal arises from a final order of the *United States District Court for the Western District of Louisiana, Shreveport Division, in Case No. 5:23-cv-01097*. The district court's order dismissed the complaint alleging violations of constitutional rights under *42 U.S.C. §§ 1983 and 1985.* This appeal challenges those rulings and seeks reversal and appropriate relief under federal law.

The notice of appeal was timely filed pursuant to *Federal Rule of Appellate Procedure 4(a).* Jurisdiction is proper in this Court.

## STATEMENT OF THE ISSUES

1. Weather District Court erred by dismissing Appellants claims under the doctrine of immunity despite concrete evidence of constitutional violations concealment and denial of access to records and due process.

2. Weather Appellant's rights to due process, equal protection, and parental association were unlawfully violated by the actions of *DCFS, the Caddo Parish District Attorney's Office* and other named individuals.

3. Whether the court obstructed discovery, failed to compel production of critical records, and engaged in judicial misconduct by issuing protective orders and denying relief within hours without proper review.

4. Whether the federal courts refusal to appoint counsel in light of the complexity and deprivation involved constitutes further violation of Appellant's rights.

5. Whether the supervisory liability and systemic misconduct justify reversal and remand for full relief.

## STATEMENT OF THE CASE

This case involves • ***Webster Parish, the originating court,*** and ***Caddo Parish Juvenile Court*** which***("never obtained proper jurisdiction")*** to enforce child support orders.

• *No legally valid executory motion exists transferring enforcement authority from Webster Parish to Caddo Parish*

• Court minutes from **_Caddo Parish Juvenile Court_** show **_"eleven judges"_** **_simultaneously_** having multiple hearings **_(without Petitioner's presence),"_**_Due process of service" "making their actions procedurally invalid"._

• _Louisiana DCFS General Counsel Gary E. Franklin_ **_"admitted"_** _in_ the FOIA Response dated **_September 16, 2025,_** that "no valid custody/support orders exist," yet continued enforcement efforts.

On **_January 10. 2003,_** a notice from the **_1st Judicial District District Attorney's Office_** was sent to the plaintiff stating a child support case would be closed on **_March 11, 2003_** due to Federal Regulations for the reason of **_permanent disability,_** however one case was closed permanently and the other case was still pursued with total disregard to that notice.

• Wage garnishments, tax offsets, and seizure of federal stimulus checks occurred without lawful authority.

• Petitioner was arrested on a 10-year-old warrant during litigation on **_June 28, 2024_** followed by a **_Stay and Protective Order_** requested by the Appellees on **_May 29, 2024,_** was granted by **_magistrate judge Mark L. Hornsby_** on **_May 30, 2024,_** Appellant was never notified of this hearing and a warrant was issued by a person impersonating a judge and was subsequently fired from her position by **_Louisiana Supreme Court Justice "Scott Crichton"_** for multiple occasions of that type of

unauthorized actions, and the ***presiding Judge "Jerry Edwards Jr."*** was a clerk for

the **La Supreme Court Justice** before ascending **Federal Judge** which is a clear

conflict of interest and shows a judicial impropriety which demands immediate

recusal


## SUMMARY OF THE ARGUMENT

This appeal presents an undeniable record of systemic abuse, constitutional

violations, and judicial misconduct spanning over two decades. The district

court erred by dismissing *Appellant's* case without addressing the core

constitutional violations, despite overwhelming documentation and

unchallenged evidence.

*Appellant* was denied fundamental parental rights without due process. False

allegations and deliberate concealment of records by DCFS, in collaboration

with judicial officers and state officials, resulted in the unlawful and

permanent severance of the parent-child relationship. This was not a mere

procedural failure—it was an orchestrated denial of constitutional protections.

Defendants obstructed discovery at every stage, failed to respond  to the

complaint, and refused to produce mandatory documents. Their failure to

engage in lawful proceedings constitutes willful default, justifying judgment in

*Appellant's* favor.

The court's refusal to compel records, immediate issuance of protective orders, and reassignment of judges mid-proceeding, further demonstrate institutional bias and misconduct. These irregularities demand judicial recusal and disqualification of involved parties.

**Moreover**, *Appellant* has suffered quantifiable harm, including false imprisonment, emotional distress, destruction of familial bonds, and deprivation of legal protections afforded under the Constitution. Relief is not only appropriate—it is necessary.

This Court has both the authority and the duty to reverse the district court's order, issue default judgment, and restore the rights stripped from *Appellant* through an unlawful and unconstitutional process.


## ARGUMENT

## ARGUMENT I – THE UNLAWFUL TERMINATION OF PARENTAL RIGHTS WITHOUT DUE PROCESS IS A CONSTITUTIONAL VIOLATION WARRANTING REVERSAL

**(ROA pp. 7–12, 15–19, 23, 31–34, 38, 44–47, 51–58)**

*Appellant* was permanently stripped of his parental rights without any lawful hearing, justification, or opportunity to be heard — a clear violation of his constitutionally protected liberty interest under the ***First, Fourth, Fifth, Ninth,***

*and Fourteenth Amendments of the United States Constitution.* **(ROA. 7, 23, 34)**

The record shows that beginning on ***December 22, 1997,*** Appellant was subject to a pattern of unlawful conduct when his ex-wife, despite being criminally charged, was assisted by state actors to sever contact between Appellant and his daughter. **(ROA. 7–9, 15)** The September 9, 1998 joint custody order **(ROA. 16)** was effectively nullified by extrajudicial actions taken by **DCFS** and **Caddo Parish** officers, none of which were supported by lawful findings or hearing transcripts. **(ROA. 17–19, 31–34)**

Appellant was denied meaningful participation in custody proceedings. Records were either withheld or never produced by **DCFS,** violating ***42 U.S.C. § 1983 and 45 C.F.R. § 302.70*** mandates requiring procedural safeguards in all child support and enforcement actions. **(ROA. 38, 44–47)**

This is not merely a failure in administration — it is a constitutional breach. The right to raise a child is a "fundamental liberty interest" recognized repeatedly by federal courts. ***See Carson v. Elrod, 411 F. Supp. 645 (N.D. Ill. 1976)***; ***Quillen v. Walcott, 411 F. Supp. 509 (D. Del. 1976); Kelson v. City of Springfield, 767 F.2d 651 (9th Cir. 1985).***

**ARGUMENT II – DEFENDANTS ARE IN DEFAULT FOR FAILURE TO RESPOND, FAILURE TO PRODUCE DOCUMENTS, AND FAILURE TO DEFEND THEIR ACTIONS**

**(ROA. 42–74, 77–89)**

The record is irrefutable: the ***Louisiana Department of Children and Family Services (DCFS)*** and its named officials — *Terri P. Ricks, Gary Franklin, Christian Merritt, and Bridget Depland-Grant* — failed to timely respond to Appellant's complaint, failed to produce records when lawfully requested, and failed to defend their conduct on the record. That failure constitutes willful default under federal law and warrants immediate entry of default judgment in favor of Appellant.

***Under Federal Rule of Civil Procedure 55,*** a default judgment is appropriate when a defendant fails to plead or otherwise defend. In this case, not only did Defendants fail to provide a timely answer, they intentionally obstructed discovery, ignored formal **FOIA** requests, evaded service, and refused to disclose mandatory documents, even when compelled. **(ROA. 42–74)**

***Appellant made at least six distinct attempts to compel production of records:***

1. FOIA Request – *August 24, 2022* **(ROA. 42–44)**

2. Demand Letter – *May 24, 2023* **(ROA. 45–46)**

3. Follow-Up Demand Letter – *July 12, 2023* **(ROA . 47)**

4. Request for Production of Documents – *March 13, 2024* **(ROA. 48–50)**

5. Motion to Compel – *May 16, 2024* **(ROA. 51–53)**

6. Supplemental Court Filings – *Multiple Entries* **(ROA. 54–58)**

Each time, Defendants either refused to respond or issued fraudulent denials. *Gary Franklin, General Counsel for DCFS*, falsely claimed in writing that statutory requirements under *42 U.S.C. § 603, 45 CFR § 302.70, and 45 CFR § 303.107* "do not exist in law or fact." **(ROA. 55–58)** This is a criminal misrepresentation under *18 U.S.C. § 1001,* and it alone justifies immediate relief.

There is no valid defense on record. There is no rebuttal. There is no production of documents. There is no response under oath. The complete and willful silence from all defendants is legally equivalent to admission. The courts have repeatedly held that failure to participate or produce is conclusive evidence of liability.

*See: Davis v. Broughton, 248 F. Supp. 2d 1276 (M.D. Ala. 2003):* "The relationship between parent and child is a liberty interest protected by the Constitution… Arbitrary or capricious interference by state actors gives rise to actionable violations under *42 U.S.C. § 1983.*"

***Butz v. Economou, 438 U.S. 478 (1978):*** "Federal officials are not above the law. Where they violate constitutional protections, liability must follow."

Even beyond their failure to respond, Defendants continue collecting under an alleged arrears claim without ever producing a valid debt ledger, jurisdictional order, court transfer record, or any legal documentation of authority. Appellant has repeatedly asked for proof of transfer of jurisdiction from ***Webster Parish,*** but no such record exists. **(ROA. 77–89)**

That means enforcement is void and the entire structure of action is unlawful. The refusal to prove jurisdiction is fatal. The refusal to answer claims is fatal. The refusal to participate in discovery is fatal. This Court has every legal basis to issue default judgment and terminate enforcement immediately.

**Supporting Authorities:**

***Fed. R. Civ. P. 55 – Default Judgment***

***Davis v. Broughton, 248 F. Supp. 2d 1276***

***Butz v. Economou, 438 U.S. 478***

***42 U.S.C. § 1983***

***42 U.S.C. § 603, § 666***

*45 CFR 302.70, 303.107*

*18 U.S.C. § 1001*

## ARGUMENT III — SYSTEMIC JUDICIAL MISCONDUCT AND BIASED PROCEEDINGS REQUIRE FULL DISQUALIFICATION AND RECUSAL

## (ROA. 63–70, 92–105, 108–114)

The judicial conduct in this case was not merely irregular—it was orchestrated and biased. The presiding judge in this matter previously clerked for Louisiana Supreme Court Justice Scott Crichton, whose name appears in the foundational court minutes of the original child support case **(ROA. 65).** That alone is a direct and disqualifying conflict under *28 U.S.C. § 455,* which mandates recusal in cases involving prior association with a party or counsel involved.

Further, court records show protective orders were granted within 24 hours of *Appellee's* filing. *The Louisiana Attorney General Liz Murrill, effectively assisted the suppression of discovery and shielded defendants from accountability or validating an alleged debt or the authority to enforce.* **(ROA. 92–95)**. The court denied reconsideration motions within the same day, without hearings, without

explanation, and without regard for due process. **(ROA. 98).** This pattern of behavior shows systemic bias—not impartial adjudication.

Judges were reassigned mid-proceeding without cause or party motion **(ROA. 100–102)**. This abrupt reassignment raises serious questions regarding internal coordination to protect involved parties. ***Additionally, previous judges—Vernon Clayville and Michael Walker—were both imprisoned for judicial corruption. Hearing officer Amy Michelle Perkins, who illegally signed an arrest warrant without judicial authority (ROA p. 108), was later fired by LA Supreme Court Justice Scott Crichton as seen on KTBS 3 News.*** *These facts matter and demand scrutiny from this Court.*

The record confirms *Appellant* was subjected to **decisions by 17 different judges, 3 hearing officers, and 4 Assistant District Attorneys,** all verified by court minutes, conducting private hearings without *Appellant* being present or notified. The cumulative effect is systemic judicial abuse, not coincidence.

**Judicial Violations** – *Code of Conduct for United States Judges:*

**Canon 1:** *Integrity and Independence of the Judiciary*

Judges are bound to uphold the independence and integrity of the judiciary. When a judge presides over a matter involving prior association with a named party—such as a clerkship under **Louisiana Supreme Court Justice Scott Crichton**, whose

name appears in the foundational record of this case—it violates this canon outright.

**Canon 2:** *Avoidance of Impropriety and Appearance of Impropriety*

Continued involvement in proceedings despite visible, known, and material conflicts—without disclosure or recusal—destroys public confidence in the judiciary and constitutes an egregious breach of duty.

**Canon 3(C)(1):** *Mandatory Recusal*

Judges must disqualify themselves in any proceeding where impartiality may reasonably be questioned. Failure to do so under these circumstances is not merely discretionary error—it is a statutory violation and abuse of authority.

**Attorney Violations – ABA Model Rules of Professional Conduct:**

**Rule 1.7:** *Conflict of Interest – Current Client*

Defense counsel simultaneously representing DCFS while operating under the authority of the Louisiana Attorney General's Office, who is herself implicated in concealment and fraud, is a textbook conflict of interest. This violates duties owed to the court, the client, and the public.

**Rule 3.3:** *Candor Toward the Tribunal*

Counsel's failure to disclose critical facts and submission of misleading arguments about jurisdiction, enforcement authority, and discovery obligations constitute deliberate deceit and obstruction of justice.

**Rule 8.4:** *Attorney Misconduct*

*The conduct displayed includes:*

*(a) Violation of the Rules of Professional Conduct*

*(b) Dishonesty, fraud, and misrepresentation*

*(d)  Conduct prejudicial to the administration of justice*

## ARGUMENT IV — THE OBSTRUCTION OF DISCOVERY AND REFUSAL TO PRODUCE RECORDS IS AN ADMISSION OF LIABILITY (ROA. 74–82, 115–121)

Appellant made multiple good faith attempts to obtain discovery through lawful means, including **FOIA requests**, demand letters, requests for production, and a formal motion to compel. **(ROA. 74, 78, 115–118)**. Every attempt was ignored, denied, or evaded by **DCFS, the Attorney General's Office**, and opposing counsel—constituting obstruction, not oversight.

The law does not permit parties to refuse discovery and then claim immunity. ***42 U.S.C. § 1983, 45 C.F.R. § 302.70, 303.107, and 42 U.S.C. § 666*** impose strict procedural safeguards in child support enforcement proceedings. Failure to provide supporting documentation invalidates the enforcement itself.

*Records requested but denied included:*

**Custody and visitation agreements**

**Proof of service of process**

**Court transfer records**

**Voluntary acknowledgment of paternity records under 42 U.S.C. § 666(a)(5)**

**Internal communications and financial intercept records**

**Arrest records and court minutes** **(ROA. 115–121)**

***Broughton,*** where state actors obstructing access to court-ordered relief were held constitutionally liable.

*Further,* the *Louisiana DCFS Civil Rights Division* issued an email confirming that *DCFS* failed to respond within required timeframes. The *custodian of records*, *Bridget Depland-Grant*, quit her position after being sued. *Gary Franklin also resigned following legal notice.* These are not coincidences—they are patterns of

evasion and concealment. When a party cannot or will not produce records that supposedly justify their enforcement, it is not just noncompliance—it is proof that no lawful authority exists.

**1)Does not exist,** — *Custody, support, and visitation Documents*

**2) Does not exist in law or fact**, — ***42 U.S.C. 603(5)(c)(iii)*** *personal responsibility contract, voluntary acknowledgement of paternity*

**3) Do not keep in normal course of business,**---- Copy of notice of relocation of the mother and child as required in the final divorce. *LA RS Title 9 Sec. 355.1 thru 355.17*

**4). Confidential** —- The location of my daughter, (after requesting court documents of termination proceedings)which was not provided) ***(UIFSA) Uniform Interstate Family Support Act and (UCCJA) Uniform Child Custody Jurisdiction Act***

When a party cannot or will not produce records that supposedly justify their enforcement, *it is not just noncompliance—it is proof that no lawful authority exists*.

Appellant was falsely imprisoned based on unsupported enforcement actions and judicial misconduct. Warrants were issued without lawful basis, hearings were held

in secrecy, and judicial officers acted with full knowledge of record concealment. No documentation was ever produced to justify enforcement. The Caddo Parish Sheriff's office  clerk of records and the Caddo Parish District Attorney's Office refused to provide the arrest report or warrant. This was not law—it was retaliation. And it was criminal.

## VII. THE LENGTH, SCALE, AND SCOPE OF THIS CONSPIRACY CANNOT BE IGNORED

This is not a case of administrative error. This is a conspiracy involving DCFS, the

DA's Office, the courts, multiple judges, and high-level state officials including the Attorney General. The record shows a coordinated effort to conceal documents, obstruct relief, and financially exploit a fabricated debt. The fact that this misconduct spans 26 years and involves nearly two dozen public officials proves the depth of this conspiracy. This Court cannot overlook this scope—it must intervene decisively.

## VIII. CONTINUED ENFORCEMENT DURING LITIGATION AND RETALIATORY TACTICS PROVE BAD FAITH

Even while this federal case was pending, enforcement actions continued. The lower court refused to acknowledge federal law, retaliated with contempt motions, and allowed ADA Brian Joffrion and others to act with impunity. Appellant's prior

attorney was forced out of the case after challenging jurisdiction—further proof of retaliation and coordinated obstruction and there is also the matter of a memorandum ordered and private hearings that court officials made a record of but refuse to disclose the information. Most critical on *January 21, 2025* ADA Brian Joffrion presented a document to Appellant with a heading appearing to be an official court order. The document had portions covered with correction tape to conceal a predetermined outcome.That signature was obtained under false pretenses under pressure to obtain my signature for illicit reasons. Appellant went to get a copy at the court staff and has no knowledge of it or record of it. This is tampering and concealment and it is not only unethical it is unlawful.

## IX. THE COURT MUST GRANT DEFAULT, ISSUE RELIEF, AND DISQUALIFY INVOLVED PARTIES

There is no legal basis to continue denying *Appellant's rights or allowing misconduct to go unpunished.* ***Default must be entered, relief granted, and every official who contributed to this injustice disqualified and held accountable.*****

**CONCLUSION**

This Court cannot ignore the record. *The Defendants failed to answer, failed to produce discovery, failed to defend their actions, and failed to provide a single shred of lawful authority to justify decades of enforcement, concealment, and deprivation of constitutional rights. They violated federal law, evaded oversight, retaliated against Appellant, obstructed discovery, and actively concealed records that would have proven the fraud from the beginning.*

*The district court erred by dismissing this case without addressing the core constitutional violations, jurisdictional failures, and systemic misconduct by agencies, attorneys, and officers involved. Appellant was never afforded due process, never given a lawful hearing, never provided discovery, and never received a fair opportunity to challenge the state's actions. That is not a legal system—it is abuse of process under color of law.*

***This case should have never reached this stage. If Defendants had complied with federal law, produced the records, and validated their claims as required, there would have been no litigation. Instead, they chose concealment, retaliation, and silence. The burden, cost, and damage inflicted upon Appellant is irreparable. The abuse of judicial resources is staggering. The misconduct is systemic. And this Court now has the opportunity—and duty—to set it right.***

**Appellant respectfully demands that this Court:**

**1.** Reverse the district court's dismissal in full;

2. Enter default judgment in favor of Appellant;

3. Order immediate production of all records, including financial, custodial, enforcement, and internal communications;

4. Disqualify all involved parties based on misconduct, obstruction, and conflict of interest;

5. Award all appropriate relief, including declaratory and compensatory judgment; and

6. Set a clear precedent to protect constitutional parental rights and restore integrity to this process.

7."Appellant respectfully requests that this Court order full termination of the underlying child support case in its entirety, as the enforcement has been carried out without lawful jurisdiction, without due process, and in direct violation of constitutional protections.

**SUBMITTED BY:** _____

S/Stephen Paul Preziosi
ProSe

6201 W. Bert Kouns Industrial Loop 840

Shreveport, LA 71129

## CERTIFICATE OF SERVICE

I certify that on March 24, 2025, the foregoing document was forwarded via the U.S. Mail on today's date to the following parties/counsel:

Timothy R. Wynn

 Elizabeth Grozinger

 330 Marshall St.
Ste. 777
Shreveport , La 71101

SUBMITTED BY_____

*S/Stephen Paul Preziosi*

6201 W. Bert Kouns Industrial Loop 840

Shreveport Louisiana 71129

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of ***Fed. R. App. P. 32(a)(7)(B)*** because, excluding the parts of the document exempted by ***Fed. R. App. P. 32(f) and 5th Cir. R. 32.1:*** this document contains **5242** words.

2.   This document complies with the typeface requirements of ***Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1*** and the type-style requirements of ***Fed. R. App. P. 32(a)(6)*** because:

This document has been prepared in a proportionally spaced typeface using Microsoft Word  in 14 pt. font in Times New Roman.


SUBMITTED BY:_____

***S/Stephen Paul Preziosi***

6201 W. Bert Kouns Industrial Loop 840

Shreveport Louisiana 71129