No. 25-30021

# In the United States Court of Appeals for the Fifth Circuit

STEPHEN PAUL PREZIOSI,

PLAINTIFF – APPELLANT

V.

LOUISIANA DEPARTMENT OF CHILDREN AND FAMILY SERVICES; TERRI P. RICKS; GARY E. FRANKLIN; CHRISTIAN MERRIT; BRIDGET DEPLAND GRANT,

DEFENDANTS – APPELLEES

_____

On Appeal from the United States District Court for the
Western District of Louisiana
5:23-CV-1097

_____

**DEFENDANTS-APPELLEES' RECORD EXCERPTS**

_____

LIZ MURRILL
Louisiana Attorney General

LOUISIANA DEPARTMENT OF JUSTICE
Litigation Division
330 Marshall Street, Suite 777
Shreveport, Louisiana 71101
Telephone: (318) 676-5700
Facsimile: (318) 676-5703

*/s/ Timothy R. Wynn*
TIMOTHY R. WYNN (La. #35393)
Assistant Attorney General
Lead Counsel on Appeal
WynnT@ag.louisiana.gov

LIZE BETH GROZINGER (La. #35160)
Assistant Attorney General
Trial Counsel
GrozingerE@ag.louisiana.gov

*Counsel for Defendants-Appellees*

## TABLE OF CONTENTS

**Tab #**                                                                                          **ROA**

1.  Docket Sheet in No. 5:23-CV-1097 ...................................ROA.1

2.  Notice of Appeal...............................................ROA.274

3.  Memorandum Ruling & Order.........................................ROA.250

4.  Judgment ........................................................ROA.259

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system, as well as to all pro se parties by U.S. Mail:

> Stephen Paul Preziosi
> 6201 Industrial Loop 840
> Shreveport, LA 71129

> */s/ Timothy R. Wynn*
> Timothy R. Wynn
> Counsel for Defendants-Appellees

# <u>Tab 1</u>

# U.S. District Court
## Western District of Louisiana (Shreveport)
## CIVIL DOCKET FOR CASE #: 5:23-cv-01097-JE-MLH
## Internal Use Only

Preziosi v. Children & Family Services et al
Assigned to: Judge Jerry Edwards, Jr
Referred to: Magistrate Judge Mark L Hornsby
 Case in other court:  5CCA, 25-30021
Cause: 42:1983 Civil Rights Act

Date Filed: 08/10/2023
Date Terminated: 12/12/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Stephen Paul Preziosi**

represented by **Stephen Paul Preziosi**
6201 Industrial Loop 840
Shreveport, LA 71129
318-918-0928
PRO SE

V.

**Defendant**

**LA Dept Children & Family Services**

represented by **Elizabeth Patterson Grozinger**
LA Atty General's Office (SHV)
330 Marshall St Ste 777
Shreveport, LA 71101
318-218-7436
Email: grozingere@ag.louisiana.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Terri P Ricks**

represented by **Elizabeth Patterson Grozinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gary E Franklin**

represented by **Elizabeth Patterson Grozinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christian Merrit**

represented by

Elizabeth Patterson Grozinger
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bridget Depland Grant**                    represented by   **Elizabeth Patterson Grozinger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email to Active Attorneys' Primary Addresses
Email to All Attorneys' Primary Addresses
Email to Casewide NEF Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2023 | 1 (p.7) | COMPLAINT against LA Dept Children & Family Services, Gary E Franklin, Christian Merrit, Terri P Ricks filed by Stephen Paul Preziosi. (Attachments: # 1 (p.7) Civil cover sheet)(crt,Williams, K) (Entered: 08/16/2023), (QC'ed on 08/21/2023, by Bunting , M) |
| 08/10/2023 | 2 (p.21) | MOTION for Leave to Proceed in forma pauperis by Stephen Paul Preziosi. Motion Ripe Deadline set for 8/10/2023. (crt,Williams, K) (Additional attachment(s) added on 8/21/2023: # 1 (p.7) Proposed order) (Bunting, M). (Entered: 08/16/2023), (QC'ed on 08/21/2023, by Bunting , M) |
| 08/10/2023 | | CASE Assigned to Judge S Maurice Hicks, Jr and Magistrate Judge Mark L Hornsby. Motions referred to Magistrate Judge Mark L Hornsby. (crt,Bunting, M) (Entered: 08/21/2023) |
| 08/21/2023 | | (Court only) ***Set ATTENTION Flag. Issue summons when IFP order signed. (crt,Bunting, M) (Entered: 08/21/2023) |
| 08/21/2023 | 3 (p.25) | ORDER granting 2 (p.21) Motion for Leave to Proceed in forma pauperis.. Signed by Magistrate Judge Mark L Hornsby on 8/21/2023. (crt,Bunting, M) (Entered: 08/21/2023) |
| 08/21/2023 | 4 (p.26) | SUMMONS ISSUED as to LA Dept Children & Family Services, Gary E Franklin, Christian Merrit, Terri P Ricks. (crt,Bunting, M) (Entered: 08/21/2023) |
| 08/21/2023 | | (Court only) *** Cleared ATTENTION Flag. See 3 (p.25) Order, summons issued. (crt,Bunting, M) (Entered: 08/21/2023) |
| 08/23/2023 | 5 | ELECTRONIC JURISDICTIONAL REVIEW FINDING: Having reviewed the pleadings, and any amended pleadings, the court finds that subject matter jurisdiction exists pursuant to: 28 U.S.C. section 1331. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. Signed by Magistrate Judge Mark L Hornsby on 8/23/2023. (crt,Rider, M) (Entered: 08/23/2023), (QC'ed on 08/24/2023, by Keller , J) |
| 08/24/2023 | 6 (p.38) | MEMORANDUM ORDER - Plaintiff must complete service and file evidence of service on the defendant within 90 days of the filing of his complaint, which will be November 8, 2023. Failure to do so may result in dismissal of this civil action. Signed by Magistrate Judge Mark L Hornsby on 8/24/2023. (crt,Bunting, M) (Entered: |

| | | |
|---|---|---|
| | | 08/24/2023) |
| 09/25/2023 | 7 (p.40) | MOTION for Trial by Jury by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 9/25/2023. (crt,Bunting, M) (Entered: 09/26/2023), *(QC'ed on 09/26/2023, by Bunting , M)* |
| 09/25/2023 | 8 (p.41) | NOTICES of Waiver sent to Terry P Ricks by Stephen Paul Preziosi (Attachments: # 1 (p.7) Waiver sent to Christian Merritt, # 2 (p.21) Waiver sent to Gary E Franklin, # 3 (p.25) Waiver sent to LA Dept of Children & Family Services, # 4 (p.26) Waiver sent to Brandon Brown, U S Attorney, # 5 Waiver sent to Merrick B Garland, US Attorney General)(crt,Bunting, M) (Entered: 09/26/2023) |
| 09/26/2023 | | Motions Transferred regarding 7 (p.40) MOTION Trial by Jury. Motions referred to Judge S Maurice Hicks, Jr. (crt,Bunting, M) (Entered: 09/26/2023) |
| 09/26/2023 | | (Court only) ***Deadline terminated. (crt,Keifer, K) (Entered: 09/26/2023) |
| 09/27/2023 | | Motion Transferred regarding 7 (p.40) MOTION Trial by Jury. Motion referred to Magistrate Judge Mark L Hornsby. (crt,Keifer, K) (Entered: 09/27/2023) |
| 09/27/2023 | | Set/Reset Deadline as to 7 (p.40) MOTION Trial by Jury. Motion Ripe Deadline set for 9/27/2023. (crt,Keifer, K) (Entered: 09/27/2023) |
| 10/18/2023 | 9 (p.53) | MOTION to Appoint Counsel by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 10/18/2023. (crt,Bunting, M) (Entered: 10/18/2023), *(QC'ed on 10/18/2023, by Bunting , M)* |
| 10/18/2023 | 10 (p.58) | NOTICE of Agreement of Informal Extension by Stephen Paul Preziosi (crt,Bunting, M) (Entered: 10/18/2023) |
| 10/19/2023 | 11 (p.59) | ORDER denying 9 (p.53) Motion to Appoint Counsel.. Signed by Magistrate Judge Mark L Hornsby on 10/19/2023. (crt,Bunting, M) (Entered: 10/19/2023) |
| 10/20/2023 | 12 (p.64) | FIRST AMENDED COMPLAINT against LA Dept Children & Family Services, Gary E Franklin, Christian Merritt, Terri P Ricks, Bridget Depland Grant with Jury Demand filed by Stephen Paul Preziosi.(crt,Bunting, M) (Entered: 10/23/2023) |
| 10/23/2023 | 13 (p.68) | SUMMONS ISSUED as to Bridget Depland Grant. (crt,Bunting, M) (Entered: 10/23/2023) |
| 11/01/2023 | 14 (p.71) | SUMMONS Returned Unexecuted by Stephen Paul Preziosi as to LA Dept Children & Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, Terri P Ricks. (crt,Bunting, M) (Entered: 11/02/2023) |
| 11/02/2023 | | NOTICE of Corrective Action to Stephen Paul Preziosi regarding 14 (p.71) Summons Returned Unexecuted. Action taken: document filed as Summons Returned Unexecuted - Service of the complaint is not considered properly executed (service within the State of Louisiana cannot be effected through certified mail); therefore no answer deadline was set and no service executed date entered. (crt,Bunting, M) (Entered: 11/02/2023) |
| 11/06/2023 | 15 (p.89) | MOTION for Service by U S Marshal by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 11/6/2023. (crt,Bunting, M) (Entered: 11/06/2023), *(QC'ed on 11/06/2023, by Bunting , M)* |
| 11/07/2023 | 16 (p.91) | SUMMONS Returned Executed by Stephen Paul Preziosi. LA Dept Children & Family Services served on 11/7/2023, answer due 11/28/2023; Gary E Franklin |

| | | |
|---|---|---|
| | | served on 11/7/2023, answer due 11/28/2023; Bridget Depland Grant served on 11/7/2023, answer due 11/28/2023; Christian Merrit served on 11/7/2023, answer due 11/28/2023; Terri P Ricks served on 11/7/2023, answer due 11/28/2023. (crt,Bunting, M) (Entered: 11/07/2023) |
| 11/08/2023 | 17 | ELECTRONIC ORDER mooting 15 (p.89) Motion for Service by U S Marshal. See 16 (p.91) Summons Returned Executed. Signed by Magistrate Judge Mark L Hornsby on 11/8/2023. (crt,Keller, J) (Entered: 11/13/2023) |
| 12/18/2023 | 18 (p.96) | LETTER from Stephen Preziosi to Clerk of Court (crt,Bunting, M) (Entered: 01/03/2024) |
| 01/09/2024 | 19 (p.130) | ORDER granting 7 (p.40) Motion for Trial by Jury. The motion is granted. It will be noted on the docket that Plaintiff has requested a jury trial. Signed by Magistrate Judge Mark L Hornsby on 1/9/2024. (crt,Keller, J) (Entered: 01/09/2024) |
| 01/10/2024 | 20 (p.131) | MOTION to Dismiss For Failure to State a Claim Plaintiff's claims against Defendants, MOTION to Dismiss for Lack of Jurisdiction by LA Dept Children & Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, Terri P Ricks. (Attachments: # 1 (p.7) Proposed order, # 2 (p.21) Memorandum / Brief)(Attorney Elizabeth Patterson Grozinger added to party LA Dept Children & Family Services(pty:dft), Attorney Elizabeth Patterson Grozinger added to party Gary E Franklin(pty:dft), Attorney Elizabeth Patterson Grozinger added to party Bridget Depland Grant(pty:dft), Attorney Elizabeth Patterson Grozinger added to party Christian Merrit(pty:dft), Attorney Elizabeth Patterson Grozinger added to party Terri P Ricks(pty:dft))(aty,Grozinger, Elizabeth) (Entered: 01/10/2024), (QC'ed on 01/10/2024, by Bunting , M) |
| 01/10/2024 | 21 (p.143) | NOTICE of Motion Setting regarding: 20 (p.131) MOTION to Dismiss For Failure to State a Claim Plaintiff's claims against Defendants MOTION to Dismiss for Lack of Jurisdiction . Motions referred to Judge S Maurice Hicks, Jr. (crt,Bunting, M) (Entered: 01/10/2024) |
| 01/12/2024 | 22 | ELECTRONIC MINUTE ENTRY issued by the Clerk. Case reassigned to District Judge Jerry Edwards, Jr. Judge S Maurice Hicks, Jr no longer assigned to case. All future filings should bear the name of the new judge assignment. Approved by Judge Terry A Doughty on 1/12/2024. (crt,Kiper, C) (Entered: 01/12/2024) |
| 01/25/2024 | 23 (p.144) | MEMORANDUM in Opposition re 20 (p.131) MOTION to Dismiss For Failure to State a Claim Plaintiff's claims against Defendants MOTION to Dismiss for Lack of Jurisdiction filed by Stephen Paul Preziosi. (crt,Bunting, M) (Entered: 01/25/2024) |
| 03/14/2024 | 24 (p.152) | MOTION for Service by U S Marshal re 12 (p.64) Amended Complaint by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 3/14/2024. (Attachments: # 1 (p.7) Exhibit, # 2 (p.21) Proposed order)(crt,Bunting, M) (Entered: 03/14/2024), (QC'ed on 03/14/2024, by Bunting , M) |
| 03/14/2024 | 25 (p.162) | ORDER denying 24 (p.152) Motion for Service by U S Marshal. Service was made, and a motion to dismiss has been filed. Signed by Magistrate Judge Mark L Hornsby on 3/14/2024. (crt,Keller, J) (Entered: 03/14/2024) |
| 05/15/2024 | 26 (p.163) | DEFICIENT MOTION to Compel by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 5/15/2024. (crt,Bunting, M) Modified to reflect deficient status on 5/16/2024 (Bunting, M). Modified on 8/26/2024 to show remains deficient. Order entered for this motion in doc. no. 36 (p.199) . (Mitchell, P) (Entered: 05/16/2024), (QC'ed on 08/26/2024, by |

| | | |
|---|---|---|
| | | Mitchell , P) |
| 05/16/2024 | 27 (p.168) | NOTICE of Deficiency to Stephen Paul Preziosi regarding 26 (p.163) MOTION to Compel. Reason: This motion requires a memorandum in support. Please see LR7.4 for more specific information. No proposed order accompanied this discovery motion. LR37.1 requires that "A proposed order shall accompany each motion filed under this paragraph." This motion to quash or to compel discovery does not include the requests or responses that are the subject of this motion. Please see LR 26.6 for specific information regarding discovery motions. The court will not consider a motion relative to discovery until movant certifies he has complied with LR37.1, which requires movant to confer with opposing counsel and attempt to amicably resolve the issues. (crt,Bunting, M) (Entered: 05/16/2024) |
| 05/16/2024 | 28 (p.169) | DEFICIENT MOTION to Compel by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 5/16/2024. (crt,Bunting, M) Modified to reflect deficient status on 5/16/2024 (Bunting, M). Modified on 8/26/2024 to show document remains deficient. Order entered for this motion in doc. no. 36 . (Mitchell, P) (Entered: 05/16/2024), (QC'ed on 05/16/2024, by Bunting , M) |
| 05/16/2024 | 29 (p.174) | NOTICE of Deficiency to Stephen Paul Preziosi regarding 28 (p.169) MOTION to Compel. Reason: This motion requires a memorandum in support. Please see LR7.4 for more specific information. No proposed order accompanied this discovery motion. LR37.1 requires that "A proposed order shall accompany each motion filed under this paragraph." This motion to quash or to compel discovery does not include the requests or responses that are the subject of this motion. Please see LR 26.6 for specific information regarding discovery motions. The court will not consider a motion relative to discovery until movant certifies he has complied with LR37.1, which requires movant to confer with opposing counsel and attempt to amicably resolve the issues. (crt,Bunting, M) (Entered: 05/16/2024) |
| 05/29/2024 | 30 (p.175) | MOTION to Stay *Discovery* by LA Dept Children & Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, Terri P Ricks. Motions referred to Mark L Hornsby. Motion Ripe Deadline set for 5/29/2024. (Attachments: # 1 (p.7) Proposed order)(aty,Grozinger, Elizabeth). Added MOTION for Protective Order on 5/29/2024 (Bunting, M). Modified to add additional relief requested on 5/29/2024 (Bunting, M). (Entered: 05/29/2024), (QC'ed on 05/29/2024, by Bunting , M) |
| 05/29/2024 | 31 (p.179) | MEMORANDUM in Support re 30 (p.175) MOTION to Stay *Discovery* filed by LA Dept Children & Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, Terri P Ricks. (aty,Grozinger, Elizabeth) (Entered: 05/29/2024), (QC'ed on 05/29/2024, by Bunting , M) |
| 05/30/2024 | 32 (p.182) | ORDER granting 30 (p.175) Motion to Stay Discovery; granting 30 (p.175) Motion for Protective Order. Signed by Magistrate Judge Mark L Hornsby on 5/30/2024. (crt,Bunting, M) (Entered: 05/30/2024) |
| 06/14/2024 | 33 (p.183) | MOTION for Reconsideration re 32 (p.182) Order on Motion to Stay, Order on Motion for Protective Order by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. (Attachments: # 1 (p.7) Memorandum / Brief, # 2 (p.21) Certificate of Service, # 3 (p.25) Proposed order)(crt,Bunting, M) (Entered: 06/14/2024), (QC'ed on 06/14/2024, by Bunting , M) |
| 06/14/2024 | 34 (p.193) | NOTICE of Motion Setting regarding: 33 (p.183) MOTION for Reconsideration re 32 (p.182) Order on Motion to Stay, Order on Motion for Protective Order. Motions |

| | | referred to Magistrate Judge Mark L Hornsby. (crt,Bunting, M) (Entered: 06/14/2024) |
|---|---|---|
| 06/28/2024 | 35 (p.194) | MEMORANDUM in Opposition re 33 (p.183) MOTION for Reconsideration re 32 (p.182) Order on Motion to Stay, Order on Motion for Protective Order *and to Stay Pending Discovery* filed by LA Dept Children & Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, Terri P Ricks. (aty,Grozinger, Elizabeth) (Entered: 06/28/2024), (QC'ed on 06/28/2024, by Crick , S) |
| 07/03/2024 | 36 (p.199) | MEMORANDUM ORDER denying 33 (p.183) Motion for Reconsideration re 32 (p.182) Order on Motion to Stay, Order on Motion for Protective Order filed by Stephen Paul Preziosi; denying 26 (p.163) Motion to Compel; denying 28 (p.169) Motion to Compel. Plaintiff's Motion to Reconsider Stay and Protective Order (Doc. 33) is denied. Motions to Compel (Docs. 26 & 28) are denied. See Memorandum Order for details. Signed by Magistrate Judge Mark L Hornsby on 7/3/2024. (crt,Keller, J) (Entered: 07/03/2024) |
| 07/18/2024 | 37 (p.201) | MOTION for Temporary Restraining Order, MOTION to Lift Stay, MOTION Termination of Child Support Proceedings by Stephen Paul Preziosi. Motions referred to Magistrate Judge Mark L Hornsby. Motion Ripe Deadline set for 7/18/2024. (Attachments: # 1 (p.7) Memorandum / Brief, # 2 (p.21) Exhibit, # 3 (p.25) Proposed order)(crt,Bunting, M) (Entered: 07/18/2024), (QC'ed on 07/18/2024, by Bunting , M) |
| 07/31/2024 | 38 (p.248) | MEMORANDUM ORDER denying 37 (p.201) Motion for TRO. Signed by Judge Jerry Edwards, Jr on 7/31/2024. (crt,Roaix, G) (Entered: 07/31/2024) |
| 12/12/2024 | 39 (p.250) | MEMORANDUM RULING re 20 (p.131) MOTION to Dismiss For Failure to State a Claim Plaintiff's claims against Defendants MOTION to Dismiss for Lack of Jurisdiction filed by Bridget Depland Grant, Christian Merrit, Gary E Franklin, Terri P Ricks, LA Dept Children & Family Services. Signed by Judge Jerry Edwards, Jr on 12/12/2024. (crt,Roaix, G) (Entered: 12/12/2024) |
| 12/12/2024 | 40 (p.259) | JUDGMENT granting 20 (p.131) Motion to Dismiss for Failure to State a Claim and granting 20 (p.131) Motion to Dismiss for Lack of Jurisdiction. Signed by Judge Jerry Edwards, Jr on 12/12/2024. (crt,Roaix, G) (Entered: 12/12/2024) |
| 01/13/2025 | 41 (p.260) | MOTION for Preliminary Injunction by Stephen Paul Preziosi. Motion Ripe Deadline set for 1/13/2025. (Attachments: # 1 (p.7) Memorandum / Brief, # 2 (p.21) Proposed order)(crt,Bunting, M) (Entered: 01/13/2025), (QC'ed on 01/13/2025, by Bunting , M) |
| 01/13/2025 | 42 (p.273) | ORDER denying 41 (p.260) Motion for Preliminary Injunction. Signed by Judge Jerry Edwards, Jr on 1/13/2025. (crt,Roaix, G) (Entered: 01/14/2025) |
| 01/13/2025 | 43 (p.274) | NOTICE OF APPEAL as to 40 (p.259) Order on Motion to Dismiss for Failure to State a Claim, Order on Motion to Dismiss/Lack of Jurisdiction by Stephen Paul Preziosi. FEE STATUS: IFP GRANTED (Attachments: # 1 (p.7) Exhibits)(crt,WalkerSld, B) (Entered: 01/14/2025) |
| 01/21/2025 | | USCA Case Number 25-30021 for 43 (p.274) Notice of Appeal filed by Stephen Paul Preziosi. (crt,WalkerSld, B) (Entered: 01/23/2025) |
| 01/21/2025 | | Set Deadline for Clerk re 43 (p.274) Notice of Appeal: Certify Appeal Record (25-30021) by Clerk to COA 2/5/2025. (crt,WalkerSld, B) (Entered: 01/23/2025) |

Preziosi v. Children & Family Services et al (5:23-cv-01097-JE-MLH)

# <u>Tab 2</u>

oTC

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**NOTICE OF APPEAL**

JAN 1 3 2025

DANIEL J. McCOY, CLERK

BY:_____

### DEFINITIONS.

For purposes of this Notice of Appeal, the following terms shall have the meanings assigned to them:

•"Appellant" refers to Stephen Paul Preziosi, the party appealing the decision of the lower court.

•"Appellee" refers to Louisiana Department of Children and Family Services and **associated Defendants, the party against whom the appeal is taken.**

**To: The Clerk of Court**
**United States District Court**
**Western District of Louisiana**
**Shreveport Division**

**RE: Case No.: 5:23-cv-01097**

Please take notice that *Stephen Paul Preziosi* (hereinafter referred to as the "Appellant"), hereby appeals to the ***United States Court of Appeals for the Fifth Circuit*** from the ***Order of Dismissal with Prejudice*** entered in this action by the ***United States District Court for the Western District of Louisiana, Shreveport Division,*** on **December 12, 2024**, which dismisses the Appellant's complaint.

### PARTIES

•Appellant: Stephen Paul Preziosi – Plaintiff in the underlying complaint.

•Appellee: Louisiana Department of Children and Family Services and associated Defendants – Defendants in the underlying complaint.

### SERVICE OF NOTICE

This Notice of Appeal is being served on the Appellee by certified mail with return receipt via the United States Postal Service.

### NATURE OF APPEAL

This appeal is taken from the final judgment of this Court dismissing the Appellant's complaint with prejudice, and the Appellant desires to present to the Court of Appeals the following issues for review:

**1.Jurisdictional Concerns:** Whether the *Louisiana Department of Children and Family Services (DCFS) and the Caddo Parish Juvenile Court* possessed lawful jurisdiction over the child support proceedings initiated against the Appellant, and whether the child support case should have remained under the jurisdiction of the *Webster Parish Juvenile Court.*

**2.Due Process Violations**: The continued denial of due process and the lack of a fair trial, including procedural irregularities, suppression of evidence, and unlawful garnishment of the Appellant's federal funds without valid documentation or legal authority.

**3.Fraud on the Court:** The existence of fraud on the court by the defendants, including the use of fraudulent and backdated court documents, including forged signatures, and the misrepresentation and manipulation of documents.

**4.Ineffective Judicial Conduct:** The failure of the district court to properly address the Appellant's motions, complaints, and allegations of bias, including the involvement of the Attorney General and the Assistant Attorney General in potential conflicts of interest.

**5.Rights Obstruction:** The misuse of the protective order which obstructed access to critical evidence necessary to support the Appellant's claims.

**6.Improper Communication:** The court's inadequate mailings regarding judgments and orders that failed to provide clear and comprehensive information, as well as improper notice of judgments being mailed to an out-of-state address.

**7.Misuse of Authority:** The wrongful termination of parental rights without due process, the unlawful seizure of funds, and the ongoing harassment of the Appellant, including unlawful arrest due to a warrant improperly ordered by Amy Michele Perkins.

**8.Failure to Acknowledge Evidence:** The introduction of new evidence related to the child support court that has not been considered or admitted into the court proceedings.

**9.Claims of Judicial Misconduct:** Concerns regarding the repeated misconduct of the hearing officer relating to her self-identification as a judge, issues stemming from a ten-year gap in court records, and systemic misconduct by judges involved in the Appellant's case.

## GROUNDS FOR APPEAL

The Appellant believes that the judgment of the lower Court was erroneous for the following reasons:

**1.Lack of Jurisdiction:** The lower court did not address the failure of the Louisiana Department of Children and Family Services (DCFS) and the Caddo Parish Juvenile Court to prove proper jurisdiction.

**2.Improper Judicial Conduct and Procedural Violations:** The District Court's failure to address Appellant's complaints regarding conflict of interest and judicial bias, as well as the premature imposition of a protective order, violated due process.

**3.Failure to Substantiate Claims:** The Appellees did not produce any valid documentation to substantiate the child support debt, including custody and visitation orders. This lack of evidence has made the garnishments unlawful.

**4.Fraudulent Documentation:** The court relied on fraudulent documents, including backdated orders, and failed to properly notify the Appellant of key motions and hearings.

**5.Continuous Harassment:** Defendants engaged in continuous unlawful financial actions, including garnishments and wrongful financial penalties, despite the lack of valid court orders.

**6.Failure to Address Gaps and Inadequacies:** Inadequate attention was given

to significant gaps in court records and failure to provide comprehensive

communications regarding judgments.

## STATEMENT OF JURISDICTION

The Appellant asserts that this appeal is filed pursuant to **28 U.S.C. § 1291**, which gives the **United States Courts of Appeals** jurisdiction over all final decisions of the district courts.

## CERTIFICATION OF APPEAL

The Appellant certifies that this *Notice of Appeal* is timely filed according to the rules of the *United States District Court for the Western District of Louisiana.*

## SERVICE LIST

This Notice of Appeal will be served on the following parties:

•Elizabeth Grozinger
Assistant Attorney General (AAG)
Louisiana Department of Justice
300 Marshall St., Suite 777
Shreveport, Louisiana 71101
GrozingerE@ag.Louisiana.gov


CONTACT INFORMATION

Appellant Contact Information:

•Stephen Paul Preziosi
6201 Industrial Loop 840
Shreveport, LA 71129
StephenPreziosi0@gmail.com
Phone: 318-540-9801

CONCLUSION

Wherefore, the Appellant prays that this Notice of Appeal be duly noted on the record of the Court, that the Court of Appeals reverse the District Court's dismissal with prejudice,

and that the case be remanded for further proceedings, along with any other relief that is just and proper in the premises.

Dated this 13th day of January, 2025.

Stephen Paul Preziosi
Appellant

# **Tab 3**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEPHEN PAUL PREZIOSI                    CIVIL ACTION NO. 23-1097

VERSUS                                   JUDGE EDWARDS

LA DEPT CHILDREN & FAMILY                MAG. JUDGE HORNSBY
SERVICES ET AL

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Dismiss filed by Defendants, the State of Louisiana through the Department of Children and Family Services ("DCFS"), Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant (collectively "Defendants").[1] Plaintiff Stephen Preziosi filed an opposition.[2] For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

Plaintiff Stephen Preziosi filed the instant suit on August 10, 2023, against the Louisiana Department of Children and Family Services ("DCFS"), Secretary of DCFS Terri Ricks, and DCFS employees Gary Franklin and Christian Merrit.[3] Plaintiff later amended his complaint to add Bridget Depland-Grant.[4] Proceeding *pro se*, Plaintiff alleges claims arising from state court divorce, custody, and child support proceedings.[5] His allegations include claims of procedural and systemic failures in

---

[1] R. Doc. 20.
[2] R. Doc. 23.
[3] R. Doc. 1.
[4] R. Doc. 12.
[5] R. Doc. 1 at 3-5.

1

the family court and child support enforcement process.[6] Plaintiff moved for a temporary restraining order seeking declaratory, injunctive, and monetary relief arising from his state court divorce, custody, and child support proceedings.[7] The Court issued an order denying Plaintiff's motion for a temporary restraining order on July 31, 2024.[8] Defendants filed the present Motion to Dismiss on January 10, 2024.[9]

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.[10] The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.[11] The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."[12] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.[13] Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.[14]

---

[6] *Id.*
[7] R. Doc. 37.
[8] R. Doc. 38.
[9] R. Doc. 20.
[10] *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).
[11] *Id.*
[12] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[13] *Id.* at 679.
[14] *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

25-30021.251

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto.[15] "Documents that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[16] Indeed, any documents attached to the briefing on a motion to dismiss may be considered by the Court if the documents are sufficiently referenced in the complaint and no party questions their authenticity.[17]

A document filed *pro se* is "to be liberally construed,"[18] and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[19]

## III.    LAW & ANALYSIS

Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), urging the Court to dismiss Plaintiff's complaint against them. Specifically, Defendants argue (1) that this Court's jurisdiction over the named Defendants is barred by the Eleventh Amendment to the United States Constitution and (2) that Plaintiff has failed to state a claim for which relief may be granted.

### 1.  Jurisdiction over the State and DCFS in Federal Court

---

[15] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

[16] *Id*. (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see also Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[17] *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008).

[18] *See e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[19] *Id*. (internal quotation marks omitted); Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

25-30021.252

Defendants' motion raises the issue of the State and DCFS's immunity from suit in a federal court pursuant to the Eleventh Amendment to the United States Constitution, which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Defendants maintain that the Eleventh Amendment bars a suit by a private party against a state in federal court unless the State consents to suit or Congress has abrogated the state's sovereign immunity.[20] Defendants further argue that the Eleventh Amendment is applicable to the State and extends to DCFS as an alter ego or arm of the State.[21] In response to Defendants' arguments, Plaintiff does not address Defendants' assertions that the State and DCFS are immune to suit by private individuals in federal court under the Eleventh Amendment. Instead, Plaintiff asserts that there is a right of a private party to bring a suit in federal court against a state official for prospective relief.[22]

"Under the Eleventh Amendment, an unconsenting State is immune from suits brought in federal court by [its] own citizens as well as citizens of another state."[23] The Supreme Court has held that the rule that "a State may not be sued without its consent is [such] a fundamental rule of jurisprudence ... that the entire judicial power

---

[20] R. Doc. 20-2 at 3.
[21] R. Doc. 20-2 at 3.
[22] R. Doc. 23 at 4 ("[T]his court has the authority to enjoin state officials from committing future violations of federal law despite the nominal barrier posed by the Eleventh Amendment.")
[23] *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 418 (5th Cir. 2004) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

25-30021.253

granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given...."[24]

"Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State."[25] There is no bright-line test for determining whether a political entity is an "arm of the State" for purposes of Eleventh Amendment immunity. Instead, "the matter is determined by reasoned judgment about whether the lawsuit is one which, despite the presence of a state agency as the nominal defendant, is effectively against the sovereign state."[26] In making this inquiry, the Fifth Circuit considers six factors: (1) whether state statutes and case law characterize the agency as an arm of the state; (2) the source of funds for the entity; (3) the degree of local autonomy the entity enjoys; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.[27] "[T]he most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds."[28] "Absent waiver, neither a state nor agencies acting under its control are subject to suit in federal court."[29]

---

[24] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

[25] *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-689 (5th Cir. 2002) (quoting *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)).

[26] *Earles v. State Board of Certified Public Accountants of Louisiana*, 139 F.3d 1033, 1037 (5th Cir. 1998).

[27] *See, e.g., Cozzo v. Tangipahoa Parish Council–President Govt.*, 279 F.3d 273, 281 (5th Cir.2002); *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir.2000).

[28] *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147–48 (5th Cir.1991).

[29] *Sherwinski v. Peterson*, 98 F.3d 849, 851 (5th Cir.1996), citing *Puerto Rico Aqueduct and Sewer Authority v. Metcaff & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

This Court and the Middle District of Louisiana have examined the aforementioned factors and concluded that DCFS is an agency of the state and entitled to Eleventh Amendment sovereign immunity.[30] Additionally, La. R.S. 46:51 outlines the duties of the DCFS and provides that, the department, "through its secretary shall administer the public assistance and welfare laws of the state...."[31] The funding for DCFS comes from a State public assistance fund.[32] The State of Louisiana has not waived its immunity nor has it consented to suit in federal court. Additionally, in this instance, the State of Louisiana's sovereign immunity has not been abrogated by Congress. The Court further notes that Plaintiff, the party asserting jurisdiction and bearing the burden of proof, has failed to offer any exception to Eleventh Amendment sovereign immunity.

DCFS—as an agency of the State—is entitled to Eleventh Amendment sovereign immunity. Thus, all claims against DCFS are barred and the agency is hereby dismissed from the instant suit.

### 2. Claims against Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant

The remaining defendants, Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant, were sued by Plaintiff in their "official and individual capacities."[33]

---

[30] *El Bey v. Caddo Par. Juv. Ct.*, 2023 WL 1421955 (W.D. La. Jan. 30, 2023); *Harmony Ctr., LLC v. Jindal*, 2010 WL 4955167 (M.D. La. Nov. 30, 2010).

[31] La. R.S. 46:51.

[32] See La. R.S. 46:101.

[33] R. Doc. 12.

25-30021.255

State officials acting in their *official* capacities may not be sued for retrospective monetary damages under § 1983, but they may be sued for prospective injunctive relief.[34] A state official can be sued in his or her *individual* capacity and held personally liable under § 1983 if it can be shown that the official, acting under state law, caused the deprivation of a federal right.[35]

In his prayer for relief, Plaintiff asks for a declaration that the remaining defendants violated his constitutional rights and state and federal laws, monetary compensation for damages including emotional distress and harm to his parental rights, an injunction preventing further unconstitutional or coercive actions by the defendants, disclosure and correction of records related to his case, termination of specific legal actions and warrants against him, punitive and compensatory damages for injuries, harm, and damages, and an award of attorney's fees and costs.[36] All taken together, these prayers are a mix of retrospective monetary relief and prospective injunctive relief.

In the instant motion, remaining defendants assert that while Plaintiff did name the above defendants in both their official and individual capacities, simply naming a capacity is not enough to make it true.[37] The remaining defendants assert that Plaintiff's complaint must be carefully reviewed to determine which capacity is truly at issue, and, to do so, the Court must "look at the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the

---

[34] *See Brennan v. Stewart*, 834 F.2d 1248, 1253 (5th Cir.1988); *See also Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).
[35] *Hafer v. Melo*, 502 U.S. 21, 25−31 (1991).
[36] R. Doc. 1 at 12; R. Doc. 12 at 3.
[37] R. Doc. 20-2.

7

defendant is sued."[38] Additionally, they assert that the Plaintiff has failed to state a claim upon which relief can be granted. In his response, other than stating that a state official may be sued in their official capacity, Plaintiff does not address or provide factual support for his allegations against any of the remaining defendants.

The Court declines an inquiry into whether the claims against the remaining defendants are against them in their personal or official capacity because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's complaint, as amended, makes numerous vague assertions against the remaining defendants. Despite naming Secretary Terri Ricks, Gary Franklin, Christian Merrit, and Bridget Depland-Grant as defendants in his original and amended complaint, Plaintiff makes no factual allegation concerning any named defendant. There is no factual matter (much less "sufficient" factual matter) that this Court can find within the original or amended complaint of any action taken by Ricks, Franklin, Merrit, or Grant. The original and amended complaint contains only conclusory statements, and even a liberal reading of Plaintiff's complaint does not prevent dismissal. Consequently, claims against the remaining defendants are dismissed.

## IV.    CONCLUSION

For the foregoing reasons,

---

[38] R. Doc. 20-2 at 5 (citing *Hopkins v. Gusman*, 2007 U.S. Dist. LEXIS 60505, 2007 WL 2407247, (E.D. La. Aug. 17, 2007); *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 470 (W.D. La. 2013)).

25-30021.257

Defendants' Motion to Dismiss (R. Doc. 20) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is **GRANTED**. Plaintiff's claims against DCFS, Ricks, Franklin, Merrit, and Grant are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 12th day of December, 2024.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

9

# Tab 4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**STEPHEN PAUL PREZIOSI**       **CIVIL ACTION NO. 23-1097**

**VERSUS**       **JUDGE EDWARDS**

**LA DEPT CHILDREN & FAMILY**       **MAG. JUDGE HORNSBY**
**SERVICES ET AL**

### JUDGMENT

Considering Louisiana Department of Children and Family Services, Gary E Franklin, Bridget Depland Grant, Christian Merrit, and Terri P Ricks' Motion to Dismiss for Failure to State a Claim (R. Doc. 20),

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion to Dismiss is **GRANTED**, and Stephen Paul Preziosi's claims are **hereby DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 12th day of December, 2024, in Alexandria, Louisiana.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**